**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**Case No. 5:18-cr-00047-TBR**

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

SHERI LESTER                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Sheri Lester's ("Lester") Motion for Compassionate Release. [DN 33]. The government has responded. [DN 35]. Lester has replied. [DN 40]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Lester's Motion for Compassionate Release [DN 33] is **DENIED**.

### I.  Background

Lester was indicted on October 16, 2018 on one count of possession with intent to distribute methamphetamine and one count of conspiracy to distribute methamphetamine. [DN 10]. On June 10, 2019, Lester pleaded guilty to both counts. [DN 24]. She was sentenced to sixty months imprisonment and five years supervised release. [DN 31].

### II. Legal Standard

"The court may not modify a term of imprisonment once it has been imposed except that-

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "Under the [First Step Act], courts are now permitted to "consider

motions by defendants for compassionate release without a motion" by the BOP Director "so long

as the defendant has asked the Director to bring such a motion and the Director fails to or refuses."

*United States v. Logan*, 2020 WL 730879, at *1 (W.D. Ky. Feb. 13, 2020).

When determining whether to grant compassionate release, courts must analyze the

following factors: (1) whether extraordinary and compelling reasons warrant such a reduction; (2)

the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth

in 18 § U.S.C. § 3553(a). *United States v. Marshall*, 2020 WL 114437, * 1 (W.D. Ky. Jan 9, 2020)

(citing 18 U.S.C. 3582(c)(1)(A)).

First, the Court must determine whether extraordinary and compelling reasons justify a

sentence reduction. Congress has not defined what constitutes an "extraordinary and compelling"

reason; however, it has charged the Sentencing Commission with "describing what should be

considered extraordinary and compelling reasons for sentence reductions, including the criteria to

be applied and a list of specific examples." *United States v. Webster*, 2020 WL 618828, at *4 (E.D.

Va. Feb. 10, 2020) (quoting 29 U.S.C. § 994(t)). The Sentencing Commission commentary

provides that extraordinary and compelling reasons may exist due to the defendant's medical

condition:

> A) Medical Condition of the Defendant.
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is-
>
> (I) suffering from a serious physical or medical condition,

> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. 1B1.13.

### III. Discussion

#### A.  Exhaustion of Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, ––– F.Supp.3d ––––,2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *Marshall,* 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

Here, Lester filed a request for compassionate release with the Warden on July 9, 2020. [DN 37-3]. On July 20, 2020, the Warden responded to Lester's request and denied it. [DN 37-4]. Lester filed the present motion on July 27, 2020—less than thirty days after requesting compassionate release. Lester also has not appealed the Warden's decision. Lester asks this Court to waive the requirement of exhaustion.

In the early stages of the COVID-19 pandemic, courts were split on whether there was authority to waive the exhaustion requirement. *See United States v. Tardif,* 2020 WL 1955302 *2 (D. Me. July 13, 2020) (collecting cases). The Sixth Circuit addressed this issue in *United States v. Alam.* In *Alam,* the Court stated an inmate "must fully exhaust all administrative rights to appeal

with the prison or wait 30 days after his first request to the prison." 960 F.3d 831, 833-834 (6th

Cir. 2020) (internal quotations omitted). In support, the Court stated:

> "Even if federal courts possessed a general power to create equitable carveouts to statutory exhaustion requirements, Alam does not show why an exception would make sense in the context of this statute. Remember that Congress made compassionate release available only to elderly prisoners and those with "extraordinary and compelling" reasons for release. 18 U.S.C. § 3582(c)(1)(A). For such prisoners, time usually will be of the essence. That would make nearly every prisoner eligible to invoke "irreparable harm" and eligible to jump the line of applications—making the process less fair, not more fair."

*Id.* at 835. This Court "must strictly enforce statutory limits on the timing of a claim's filing." *Id.*

at 836. Therefore, Lester's motion must be dismissed.

### IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Lester's Motion for

Compassionate Release [DN 33] is **DENIED WITHOUT PREJUDICE**. However, the Court will

reconsider a motion for compassionate release on the merits after Lester has provided proof of

exhaustion.

**IT IS SO ORDERED**.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 2, 2020

cc: Sheri Lester
    19503-033
    Carswell
    Federal Medical Center
    Inmate Mail/Parcels
    P.O. Box 27137
    Fort Worth, TX 76127
    PRO SE